OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, McCamon-Hunt Insurance Agency, Inc., appeals the decision of the Mahoning County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss of Defendant-Appellee, Medical Mutual of Ohio. The issue before this court is whether McCamon-Hunt stated a claim for breach of contract, conversion, and unjust enrichment in their complaint. We conclude that it was improper for the trial court to grant Medical Mutual's Civ.R. 12(B)(6) motion since the contract refers to and incorporates an attachment which was not provided to the trial court. The failure to provide that document is a violation of Civ.R. 10(D), however, it is not a basis for relief under Civ.R. 12(B)(6). Thus, the trial court's decision granting Medical Mutual's Civ.R. 12(B)(6) motion is reversed and this case is remanded for further proceedings.
 {¶ 2} On December 30, 1996, the Mahoning County Commissioners appointed McCamon-Hunt as its agent of record. Following this, McCamon-Hunt entered into a single case agency agreement with Medical Mutual. That agreement stated that, upon acceptance of the Commissioners' application for insurance, Medical Mutual would pay McCamon-Hunt one percent of the premiums the Commissioners would pay for the insurance "so long as the Agent remains the Agent of Record" for the Commissioners. The agreement became effective March 1, 1998, and ended on March 1, 2000.
 {¶ 3} The Commissioners began seeking bids for insurance coverage from March 1, 2000, through February 28, 2002. On December 21, 1999, McCamon-Hunt picked up a bid package from the Commissioners and gave it to Medical Mutual. One week later, on December 28, 1999, the Commissioners cancelled the first bidding process and sought new bids. McCamon-Hunt then supplied Medical Mutual with a new bid package. Medical Mutual submitted its bid on February 2, 2000. The Commissioners awarded the bid to Medical Mutual on April 27, 2000. The new contract for insurance coverage was for a two-year period ending on February 28, 2002. Medical Mutual ceased paying commissions to McCamon-Hunt on June 1, 2000, and informed McCamon-Hunt it no longer intended to pay those commissions.
 {¶ 4} Subsequently, McCamon-Hunt filed a complaint against Medical Mutual sounding in breach of contract, unjust enrichment, and conversion and attached a copy of the agreement to the complaint in accordance with Civ.R. 10(D). Medical Mutual answered that complaint and moved to dismiss it pursuant to Civ.R. 12(B)(6) or, in the alternative, Civ.R. 12(C). McCamon-Hunt filed a memorandum in opposition to this motion. Subsequently, the trial court granted Medical Mutual's motion to dismiss for failure to state a claim. McCamon-Hunt timely appeals that decision.
 {¶ 5} We reverse the trial court's decision because, when presuming all the factual allegations in the complaint as true and making all reasonable inferences in favor of McCamon-Hunt, the non-moving party, we cannot say that McCamon-Hunt failed to state a claim or that Medical Mutual is entitled to judgment on the pleadings. This case centers around the interpretation of a contract. The contract provided to the court refers to an attachment and incorporates the terms of that attachment into the contract. However, that attachment was not provided to the court. Even though that document should have been attached to the complaint in accordance with Civ.R. 10(D), the failure to attach that document is not a basis for relief under Civ.R. 12(B)(6). Thus, we must presume the language in the missing document would entitle McCamon-Hunt to the requested relief.
 {¶ 6} McCamon-Hunt's sole assignment of error argues as follows:
 {¶ 7} "The trial court erred in granting Appellee's motion to dismiss since Appellant adequately stated a claim for breach of contract, conversion and unjust enrichment as a result of Appellee's breach of an agreement with Appellant."
 {¶ 8} Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in favor of the nonmoving party, it appears beyond doubt that the nonmoving party can prove no set of facts entitling him to the requested relief. Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753; O'Brienv. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. Whether a trial court properly granted a motion to dismiss for failure to state a claim presents a question of law and is, therefore, a de novo review. Schiavoni v. SteelCity Corp. (1999), 133 Ohio App.3d 314, 317, 727 N.E.2d 967. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." York v. Ohio State Hwy. Patrol (1991),60 Ohio St.3d 143, 144, 573 N.E.2d 1063.
 {¶ 9} Although McCamon-Hunt pleads three different claims in its complaint, those claims are all predicated on McCamon-Hunt's belief that Medical Mutual breached its contract with McCamon-Hunt. The parties do not argue over the existence of the contract, whether McCamon-Hunt performed the contract, or whether it suffered damages if Medical Mutual breached the contract. The only dispute is whether Medical Mutual breached the contract. McCamon-Hunt argues it is entitled to commissions on the premiums the Commissioners are paying to Medical Mutual under the renewed contract. Medical Mutual argues the contract only referred to commissions paid under the first contract and not to renewal commissions.
 {¶ 10} A contract is generally defined as a promise or set of promises actionable upon breach. Kostelnik v. Helper, 96 Ohio St.3d 1,2002-Ohio-2985, 770 N.E.2d 58, ¶ 16, quoting Perlmuter Printing Co.v. Strome, Inc. (N.D.Ohio. 1976), 436 F. Supp. 409, 414. To prove a breach of contract claim, a plaintiff must show the existence of a contract, performance by the plaintiff, a breach by the defendant, and damage or loss to the plaintiff. Allied Erecting Dismantling Co.v. Uneco Realty Co. (2001), 146 Ohio App.3d 136, 142, 765 N.E.2d 420. The construction of written contracts is a matter of law. Long Beach Assn.,Inc. v. Jones (1998), 82 Ohio St.3d 574, 576, 697 N.E.2d 208. The purpose of contract construction is to discover and effectuate the intent of the parties and that intent is presumed to reside in the language they chose to use in their agreement. Graham v. Drydock Coal Co. (1996),76 Ohio St.3d 311, 313, 667 N.E.2d 949. If the language of the contract is clear, then the parties' intent can be determined without applying the rules of construction. Bath Twp. v. Raymond C. Firestone Co. (2000),140 Ohio App.3d 252, 256, 747 N.E.2d 262. When a claim is founded upon some written instrument and a copy thereof is attached to the complaint in accordance with Civ.R. 10(D), the complaint should not be dismissed pursuant to Civ.R. 12(B)(6) unless the complaint and the written instrument on their face show to a certainty some insuperable bar to relief as a matter of law. Slife v. Kundtz Properties, Inc. (1974),40 Ohio App.2d 179, 182, 69 O.O.2d 178, 318 N.E.2d 557.
 {¶ 11} In this case, the agreement states McCamon-Hunt will receive commissions as provided in the agreement as long as McCamon-Hunt remains the agent of record for the Commissioners. The parties typed the amount of the commission and the length of the contract into section A of the agreement. That section contains the following sentence: "A renewal contract year is the period between successive anniversaries of the policy date subject to terms and conditions of this Agreement and, in relevant part, the Agent/Broker Commission Program, attached and incorporated by reference, the applicable commission as specified." Section B provides "[f]urther details of such commissions are provided in the attachment." Although it appears necessary to examine the attachment in order to interpret the contract, the attachment was not provided to the trial court. The terms of the attachment may entitle McCamon-Hunt to the relief it requested.
 {¶ 12} Because the attachment is a part of the underlying agreement, McCamon-Hunt should have attached a copy of that attachment to the agreement to its complaint pursuant to Civ.R. 10(D). That rule provides "[w]hen any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to the pleading. If not so attached, the reason for the omission must be stated in the pleading." Id. However, McCamon-Hunt's failure to attach all of the required documents is not fatal to its claim at this point in the litigation. The proper way to challenge such a failure is by serving a motion for a more definite statement pursuant to Civ.R. 12(E). SeeSchwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 812,619 N.E.2d 10, fn. 4; Point Rental Co. v. Posani (1976),52 Ohio App.2d 183, 186, 6 O.O.3d 171, 368 N.E.2d 1267. A defendant who fails to file a Civ.R. 12(E) motion before filing his answer has waived his right to assert Civ.R. 10(D) as a basis for dismissing the plaintiff's complaint. Glenwood Homes, Ltd. v. State Auto Mut. Ins. Co.
(Oct. 1, 1998), 8th Dist. No. 72856, at 5.
 {¶ 13} At this point in the litigation, the parties have failed to ensure all parts of their agreement have been placed before the court. Because this court must accept all facts in the complaint as true and make all reasonable inferences in favor of the plaintiff when reviewing the trial court's decision granting a Civ.R. 12(B)(6) motion to dismiss, we must assume the missing attachment would entitle McCamon-Hunt to relief. Thus, the trial court erred when it dismissed McCamon-Hunt's claim for breach of contract pursuant to Civ.R. 12(B)(6).
 {¶ 14} McCamon-Hunt's other two claims are premised on its argument that Medical Mutual breached its contract with McCamon-Hunt. Because the trial court erred in dismissing the breach of contract claim, it also erred in dismissing these two claims.
 {¶ 15} For the foregoing reasons, McCamon-Hunt's sole assignment of error is meritorious. Thus, the trial court's decision reversed and this case is remanded for further proceedings.
Vukovich and Donofrio, JJ., concur.