OPINION
In this accelerated calendar appeal submitted on the briefs of the parties, appellants, Christina Petitto ("Ms. Petitto") and Susan Morgan ("Ms. Morgan"), appeal from the decision of the Lake County Court of Common Pleas, General Division, rendering a verdict in favor of appellee, Maureen Malaney, adminstratrix of the estate of Andrea Zalie Lisa Testa ("the decedent"), following a bench trial in an action for payment for healthcare and housekeeping services allegedly provided to the decedent pursuant to an alleged oral contract. For the reasons that follow, we agree with the decision of the trial court.
The following facts are relevant to this appeal. On November 19, 1998, the decedent died intestate, and appellee was appointed the administratix of the estate. Subsequently, both appellants submitted claims against the estate for services rendered to the decedent during her final illness, which were rejected by appellee in her role as administratix.
On April 27, 2000, in accordance with R.C. 2117.12, appellants commenced in the General Division the instant action against appellee. Therein, appellants alleged that they provided care to the decedent during her final illness and sought compensation for services rendered. Specifically, Ms. Petitto sought $135,105 for health and housekeeping services performed from September 1997 to November 1998, at a rate of $30 per hour, while Ms. Morgan sought $44,460 for housekeeping services rendered from April 1998 to October 1998, at a rate of $15 per hour.
Eventually, this matter proceeded to a bench trial. On March 20, 2001, the trial court issued a ten page judgment entry granting a verdict in favor of appellee because appellants "failed to prove by a preponderance of evidence that an express oral or implied in fact contract existed or that they [were] entitled to compensation under the doctrine of quantummerit." (Emphasis sic.) As the trier of fact, the trial court further determined that appellants' testimony was not credible. It is from this judgment appellants appeal, asserting a single assignment of error for our consideration.
Under this lone assignment of error, appellants contend that the trial court abused its discretion when it refused to admit oral testimony concerning the decedent's will or introduce a copy of the decedent's will in order to satisfy the statute of frauds. According to appellants, the will demonstrates that the decedent intended to pay appellants for their services through the estate.
It is well-settled that evidentiary rulings rest within the sound discretion of the trial court. Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271. Thus, an appellate court will not interfere with the trial court's decision unless the court abused its discretion. Id. An abuse of discretion connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily, or unconscionably. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
Returning to the instant cause, although appellants indicate they sought to introduce a copy of a will and corresponding testimony, the record discloses that appellants failed to proffer to the trial court either the substance of the will or what their desired testimony was concerning the will. We note that the trial court's decision to exclude the will was based on the fact that the probate court had already ruled on the admissibility of this document and refused to admit it to probate.
Appellants' attorneys suggest that it would have been futile or perhaps even prejudicial to further object to the trial court's decision not to allow the introduction of evidence concerning the will. Despite appellants' beliefs, they were obligated to preserve the error for appellate review by proffering for the record the copy of the will they sought to admit, along with the testimony concerning thereof.[1]
Evid.R. 103(A)(2) provides that, in order to use exclusion of evidence as a basis for appeal, the substance of the evidence must be made known to the court by proffer or must be "apparent from the context within which questions were asked." See, also, State v. Davie, 80 Ohio St.3d 311,327, 1997-Ohio-341. State v. Brooks (1989), 44 Ohio St.3d 185, 195.
"A party may not predicate error on the exclusion of evidence during the examination in chief unless two conditions are met: (1) the exclusion of such evidence must affect a substantial right of the party and (2) the substance of the excluded evidence was made known to the court by profferor was apparent from the context within which questions were asked." (Emphasis sic.) State v. Gilmore (1986), 28 Ohio St.3d 190, syllabus. See, also, Davie at 327; State v. Evans (1994), 93 Ohio App.3d 121, 124;Campbell v. Johnson (1993), 87 Ohio App.3d 543, 550-551; Liberman v.Liberman (May 27, 1999) 8th Dist. No. 74181, 1999 WL 342238, at 4.
In the instant matter, no proffer was made by appellants as to what the testimony of the alleged witnesses would have been. Nor did appellants proffer the precise substance or the alleged copy of the will. In fact, the substance of the excluded evidence is not apparent from the record. As such, appellants effectively waived any error by failing to properly preserve the issue for appellate review. Gilmore at syllabus.
Appellants further attempt to excuse their conduct by alleging thatoutside the hearing of the court reporter, they explained to the trial court that they were "not trying to introduce the Will for purposes of showing its validity, but only as a writing to satisfy the Statute of Frauds." However, because this alleged explanation occurred outside the presence of the court reporter, the transcript fails to indicate that this conversation actually took place. Furthermore, appellants did not provide an App.R. 9(C) statement concerning this alleged conversation. Therefore, there is no evidence supporting appellants' position that there was some sort of proffer.
Even if appellants had proffered the copy or the substance of the will, it would not have satisfied the statute of frauds unless the will contained the essential elements of a contract. See, e.g., Sherman v.Johnson (1953) 159 Ohio St. 209, paragraph two of the syllabus (holding that "[w]here a writing does not contain words which can be reasonably construed as words of promise or agreement or as an indication of any contract or agreement, such writing cannot be a memorandum or note of any agreement within the meaning of [the statute of frauds] * * *.").
The impact of that rule of law on the instant case is that the copy of the will appellants attempted to introduce had to contain not only the decedent's signature, but words indicating that the bequest was part of a contract.
Evidence of a contract cannot be created or assumed simply from the presence of any bequest made therein. Bequests frequently are gratuitous acts. There is certainly no requirement of reciprocal consideration as there would be in a contract. As a result, the presence of any such bequest would have had to contain some words indicating the existence of a contract or agreement.
There is nothing in the record which even hints that the purported will copy contained wording which indicated that the bequest was being made as the return consideration for services rendered by appellants. Thus, the failure to proffer either the copy or the substance of the will copy is fatal as there is no indication that this document contained words to reflect that the claimed bequest was actually the bargained for consideration for appellants' alleged services. Hence, no prejudice has been shown by the failure to admit the will copy as the statute of frauds would not have been satisfied.
Based on the foregoing analysis, appellants' sole assignment of error is meritless, and the judgment of the trial court is affirmed.
DONALD R. FORD, P.J., ROBERT A. NADER, J., concur.
[1] As an aside, we note that the will copy was not submitted to the trial court.