RICELLI ET AL., APPELLANTS, *v.* ATKINSON, APPELLEE.

(No. 685—Decided April 18, 1955.)

Mr. *John E. Savord,* for appellants.
Mr. *George A. Beis,* for appellee.

Fess, J.  This is an appeal on questions of law by plaintiffs from a finding and judgment of the Common Pleas Court for the defendant.  The petition seeks a declaratory judgment directing the defendant to permit plaintiffs to use a driveway over defendant's property.  A plat of the premises involved appears on page 177, *post,* and references herein to numbers and letters refer to the several parcels shown on such plat.

In 1902, the executors of Butts conveyed the south one-half of the west two-thirds of lot numbered 21 (parcel 1) to one Bookmyer "reserving therefrom a strip of land twelve (12) feet in width to be taken off the east end of the premises hereby conveyed [parcel A] to be used as a driveway or alley, in common with the occupants of the north half of the west two-thirds part of said lot number twenty-one" (parcel 2).  On the same day the executors also conveyed to William F. Seitz, Jr., the north one-half of the west two-thirds part of lot 21 (parcel

2) and also a right of way over parcel A ''to be used as a driveway or alley in common with the occupants'' of parcel 1. In 1912, the executors conveyed to William F. Seitz, Jr.,

the west one-half of the east one-third of lot 21 (parcel 3) without reference to any driveway. In 1915, Seitz acquired title to

the south thirty-three feet of lot 19 (parcel 4). Seitz, therefore, was the owner of record of parcel 2 (with easement over parcel A), parcel 3 and parcel 4.

On October 26, 1925, Seitz conveyed to a predecessor in title of plaintiffs parcel 4 and the north eleven feet of the east twelve feet of parcel 2 (parcel D), together with a right-of-way for driveway purposes over the east twelve feet of the west two-thirds of lot 21 (which includes parcels A, B, C and D) to be used in common with the owners of the west two-thirds of lot 21 (parcels 1 and 2), and of the west one-half of the east one-third of lot 21 (parcel 3) and the north one-half of said driveway (which included parcels B, C and D) to be used in common with the owners of parcel 2 and of parcel 3. This deed provided also that parcel D should be subject to a right-of-way for driveway purposes for the use and benefit of the owners of parcel 2 and parcel 3, and that none of the persons entitled to use such driveway should obstruct the same in any manner.

On October 27, 1945, Seitz conveyed to the defendant parcel 3, and parcel B, together with a right-of-way for driveway purposes over the east 12 feet of the west two-thirds of lot 21 (which included parcels A, B, C and D), the south half (parcel A) to be used in common with the owners of parcel 4, and parcels 1 and 2, and the north one-half (parcels B, C and D) to be used in common with the owners of parcel 4 and parcel 2. The deed provided further that parcel B should be subject to a right-of-way for the owners of parcels 4 and 2.

In 1929, the defendant acquired title to parcel A from the then owners of parcel 1.

In 1933, Seitz conveyed to Larry D. and Buena K. Snead parcel 2, excepting therefrom parcels D and B (which he had previously conveyed to the predecessor in title of plaintiff and to defendant Atkinson), together with a right-of-way for driveway purposes over the twelve-foot strip of parcels 1 and 2, the south half (parcel A) to be used in common with the owners of parcels 4, 1 and 3, and the north half (parcels B, C and D) to be used in common with the owners of parcels 4 and 3. The deed provided further that parcel D therein conveyed to the grantees should be subject to a right-of-way for the use of the owners of parcels 4 and 3.

In 1942, The Savings Building & Loan Company, which had acquired the premises set forth in the preceding paragraph (parcel 2), conveyed parcel C to the defendant, and in 1944, conveyed to Kramer parcel 2, excepting therefrom the easterly twelve feet (parcels B, C and D), and incorporated in such deed an agreement that the use of a right-of-way over the easterly twelve feet of parcels 1 and 2 be excepted and excluded from such conveyance and reciting that no right, title or interest in the twelve-foot strip (parcels A, B, C and D) was conveyed thereby.

As a result of the foregoing conveyance, the plaintiff is the owner of record of parcels 4 and D and the defendant is the owner of parcels 3, A, B and C.

The first question to be determined is the effect of the reservation of a driveway in the deed of parcel 1 to Bookmyer. Although a distinction is to be drawn between an exception and a reservation, the words are often employed indiscriminately. *Manley* v. *Carl,* 20 C. C., 161, 11 C. D., 1. But whether the language creates a reservation or an exception depends upon the intention of the parties as evinced by a construction of the whole instrument in the light of the circumstances of the case rather than upon the particular words used. See *Gill* v. *Fletcher,* 74 Ohio St., 295, 78 N. E., 433, 113 Am. St. Rep., 962, holding the reservation of one-half of the mineral rights created an exception. In *Akron Cold Spring Co.* v. *Unknown Heirs of Ely,* 18 Ohio App., 74, the court held a reservation coupled with retention of ownership to be an exception. But with respect to the retention of a right-of-way or easement, whether the language employed be the reservation of a right-of-way over the property conveyed or the exception of a right-of-way from the grant, the grantor retains only an easement over the premises conveyed.

A reservation or exception of the use of an alley has been held to be a reservation of an easement only. A provision in a deed excepting and reserving a roadway for the use and benefit of the grantor has been held to reserve an easement merely in the strip of land described as such, and a reservation of a portion of the land described in a deed to be used as an alley operates as a conveyance of the fee of the portion reserved, subject only to the easement declared. 2 Thompson on Real Property,

9, Section 460. Cf. *Gibbons* v. *Ebding,* 70 Ohio St., 298, 71 N. E., 720, 101 Am. St. Rep., 900. See, also, 1 Thompson on Real Property, 593, Section 367. Therefore, under the deed conveying parcel 1, the grantee obtained the fee in all the south one-half of the west two-thirds of lot numbered 21 subject to the easement over the east twelve (12) feet to be used "in common with the occupants of the north half of the west two-thirds part of said lot." Since the executors of Butts did not retain the fee to the south half of the 12-foot strip, they could not thereafter convey any interest in and to such strip, except the use thereof for driveway purposes by subsequent grantees of the north half of the west two-thirds of lot 21.

The second question which arises is whether the owner of an easement appurtenant to the dominant estate may alienate his rights under such easement separate and apart from the conveyance of the dominant estate.

A reservation of an easement is not operative in favor of land not described in the conveyance. 28 Corpus Juris Secundum, 686, Section 30; *Schnellbacher* v. *Jobst,* 271 Ill., 319, 111 N. E., 138; *Ross* v. *Valentine,* 116 Ind. App., 354, 359, 63 N. E. (2d), 691, 695; *Lennertz* v. *Yohn,* 118 Ind. App., 443, 450, 79 N. E. (2d), 414, 417. "One having an easement by grant may assign that easement with the dominant estate, and the easement goes to every portion of the dominant estate assigned, however many the tenements may be, but it can go no further. No stranger to the estate may take it." *Methodist Protestant Church of Cincinnati* v. *Laws,* 7 C. C., 211, 219, 4 C. D., 562, affirmed without opinion, 55 Ohio St., 662, 48 N. E., 1114. See, also, *Cleve* v. *Nairin,* 204 Ky., 342, 264 S. W., 741; *Diocese of Trenton* v. *Toman,* 74 N. J. Eq., 702, 70 A., 606; *French* v. *Marstin,* 24 N. H., 440, 57 Am. Dec., 294.

In *Bass Lake Co.* v. *Hollenbeck,* 11 C. C., 508, 518, 5 C. D., 242, it is said that the proposition is universally true, that if one acquires a right of way to one lot or parcel of land, he can not use it to gain access to that parcel and thence over his own land to other lands belonging to him. So far as he should use it for access to or accommodation to other parcels than the specific one to which it is so appurtenant, he would be a trespasser. But the court limits this statement by saying, "it is different

in regard to a way to and from a highway," and citing Goddard on Easements, 328. Since Goddard on Easements is not available to the writer of this opinion, the reason for the limitation with respect to a highway is not explained. However, it is not to be inferred from this limitation that the owner of the dominant estate may convey the right to use the easement over the servient estate, even to a highway, to the owner of other property adjacent to the easement.

An easement is not alienable separately and apart from the land to which it is appurtenant. 3 Tiffany, Real Property (3d Ed.), 210, 213, 214, Section 761, citing *McClintic-Marshall Co.* v. *Ford Motor Co.,* 254 Mich., 305, 236 N. W., 792, 77 A. L. R., 807.

The third question is whether the owner of the dominant estate may convey bits or small portions thereof, such as parcels B, C and D, in the instant case, and thereby confer on the owners of such parcels the right to use the right-of-way appurtenant to the dominant estate (parcel 2).

In *Shields* v. *Titus,* 46 Ohio St., 528, 22 N. E., 717, the Supreme Court said on page 539:

" 'Where an easement is secured to a dominant estate, and is designed to benefit the same in whosoever hands it may be, it will, as a general proposition, inure to the benefit of the owner of any part of the same into which it may be divided, provided the burden upon the servient estate intended to be created is not thereby enhanced.' "

And as indicated in the *Methodist Church case,* the owner of the abandoned cemetery could divide the same into lots and the several lot owners were entitled to use the roadway, subject, however, to the right of the owner of the servient estate to maintain a gate on the roadway.

Conceivably, Seitz as the owner of parcel 2 could divide the parcel into two or three lots, and the occupants thereof would be entitled to use the right-of-way. Or Seitz could construct a duplex or apartment building on parcel 2 and the occupants thereof could use the driveway. But the principle announced in the *Shields* v. *Titus case* and the *Methodist Church case* should not be employed to circumvent the rule that the owner of the dominant estate can not transfer to the owners of

other property any right in the servient estate. It has been said that an appurtenant right-of-way is appurtenant to every foot of the dominant estate. 15 Ohio Jurisprudence, 109, 110, Section 82, citing *Kneisel* v. *Krug,* 8 Dec. Rep., 581, 9 W. L. B., 38; *Jones Fertilizing Co.* v. *C., C., C. & St. L. Ry. Co.,* 7 N. P., 245, 2 O. D., 511. Whatever persuasion the *Kneisel case* might have, the language was employed incident to applying the doctrine of estoppel and is not to be construed as indicating that the owners of each foot of the dominant estate have the right to use all of a right-of-way appurtenant to the dominant estate. The *Jones Fertilizing Co. case* does not support the text in 15 Ohio Jurisprudence, 109, 110, Section 82.

Furthermore, the rule that an easement appurtenant to land is appurtenant to every part into which the land is divided is limited by the grant as actually intended, the nature of the easement reserved, and the condition of the estate to which it is attached. Where the dominant tenement has been divided into so many parts that it would be unreasonable, each part of the dominant tenement will not have a right to an easement appurtenant thereto. 15 Ohio Jurisprudence, 110, Section 82; *Methodist Protestant Church* v. *Laws, supra; Bass Lake Co.* v. *Hollenbeck, supra.*

Plaintiffs' right to the use of the driveway arises solely by reason of their ownership of parcel D. Whether, as the owners of parcel D, plaintiffs are entitled to the use of the driveway is also to be determined by the intention of the original parties gathered from the terms of the deed conveying parcel 1, taken in connection with the circumstances which surrounded the parties at the time of such conveyance. Considering these factors, it is unreasonable to conclude that the executors of Butts, in their conveyance of parcel 1 to Bookmyer, intended to reserve a right-of-way for the benefit of the owners of 11 x 12-foot parcels carved out of parcel 2.

It is therefore concluded that the judgment below for the defendant should be affirmed.

*Judgment affirmed.*

Conn, J., concurs.

DEEDS, J., concurs in the judgment. I concur in the judgment affirming the judgment of the Court of Common Pleas for the reason that Seitz, being the dominant owner only and not the owner of the fee or servient estate to the east 12 feet of the "south one-half of the west two-thirds of lot number twenty-one (21) on Jackson Street in said city" could not transfer to the predecessors in title of the plaintiffs a right-of-way over that portion of lot number twenty-one.