CAMPBELL, Appellee,

v.

JOHNSON, Appellant.

[Cite as *Campbell v. Johnson* (1993), 87 Ohio App.3d 543.]

Court of Appeals of Ohio,
Montgomery County.

No. 13486.

Decided May 5, 1993.

*Gary J. Leppla,* for appellee.

*James D. Ruppert,* for appellant.

WOLFF, Judge.

Fred Johnson appeals from a judgment of the Montgomery County Court of Common Pleas in favor of Lois Campbell quieting title to certain real property.

The undisputed facts of this case are as follows.

Lois Campbell purchased three and one-half acres from Donald and Nancy Ferguson in September 1990. Traversing this property is a driveway running from property owned by Fred Johnson to State Route 123. Johnson's property is landlocked, and this driveway is his only access to the public road.

At some point in 1991, a dispute arose as to the ownership of this driveway. In October of that year, Campbell filed a complaint to quiet title, including a claim for damages and a request for injunctive relief. Johnson filed a counterclaim asserting that he owned the driveway in fee simple and requesting that the trial court quiet title in his favor.

The trial court issued a temporary restraining order barring Johnson from interfering with Campbell's use of the driveway, and shortly thereafter held an expedited hearing to determine the propriety of issuing a preliminary injunction. Following the hearing, the court issued a preliminary injunction, bifurcated the issue of damages, and ordered that the evidence submitted at the preliminary injunction hearing be considered as evidence on the question of quieting title and the issuance of a permanent injunction.

On April 10, 1992, the final evidentiary hearing was held, and on May 15, 1992, the trial court issued its decision finding that Johnson merely owned an easement interest in the driveway and that Campbell owned the driveway in fee simple, subject to Johnson's easement. The trial court therefore by order quieted title in favor of Campbell and permanently enjoined Johnson from interfering with her use of the driveway.

Johnson appeals this order, which was certified pursuant to Civ.R. 54, and asserts two assignments of error.

"I. The trial court erred to the prejudice of the defendant/appellant by quieting title in favor of the plaintiff/appellee."

In this assignment of error, Johnson asserts that the trial court's decision to quiet title in favor of Campbell is not supported by either the language of the deeds conveying her property or by the intention of the original grantor of the property.

We note for the sake of clarity that Campbell's property is a portion of land that was originally divided in 1889 from the land a portion of which is now owed by Johnson. Through the years, numerous, and sometimes unreported, divisions of these properties occurred, leaving gaps in both Johnson's and Campbell's chain of title. However, the original deed to Campbell's property and all subsequent deeds thereto contain, in basically the same form, the following pertinent language:

"[the land conveyed is that] containing [*] acres of land, more or less, *excepting and reserving* from the above described premises a roadway 16.50 feet wide as now located across said premises from West to East."

Thus, as the trial court correctly recognized, the question of Campbell's and Johnson's respective interests in the driveway involves a determination of the effect of the language "excepting and reserving" the driveway. It is undisputed that, generally, in the case of a reservation, the whole title to the property conveyed passes to the grantee, but the grantor reserves to himself some benefit of the real estate. In the case of an exception, the grantor retains title to the excepted part, and the grantee takes title to the real estate less the exception. See *Clark v. Guest* (1896), 54 Ohio St. 298, 302–303, 43 N.E. 862, 862. However, in the case of an alley or right of way, these general distinctions are not often utilized, and courts seem to hold that regardless of whether the alley or right of way is excepted or reserved from the land conveyed, the grantor merely retains an easement and the grantee owns the fee. See *Wolf v. Roberts* (C.P.1945), 42 Ohio Law Abs. 449, 451, 30 O.O. 499, 500.

Although the terms "excepting" and "reserving" mean different things, the two terms are often employed "indiscriminately." *Ricelli v. Atkinson* (1955), 99 Ohio App. 175, 58 O.O. 305, 132 N.E.2d 123. As a result, the terms employed, in and of themselves, do not definitively establish whether an exception or a reservation has been created. This is particularly true, in a case like this one, where the terms are used as if they are interchangeable. Thus, "whether the language creates a reservation or an exception depends upon the intention of the parties as evinced by a construction of the whole instrument in the light of the circumstances of the case rather than upon the particular words used." *Id.* at 179, 58 O.O. at 307, 132 N.E.2d at 126, citing *Gill v. Fletcher* (1906), 74 Ohio St. 295, 78 N.E. 433; *Akron Cold Spring Co. v. Unknown Heirs of Ely* (1923), 18 Ohio App. 74. " 'In case of doubt, it is said, the conveyance is to be construed most strongly as against the grantor, or in favor of the grantee on the theory, it seems, that the words used are to be regarded as the words of the grantor rather than of the grantee. Applying this rule, an exception or reservation in a conveyance is construed in favor of the grantee rather than of the grantor.' " *Pure Oil Co. v. Kindall* (1927), 116 Ohio St. 188, 203, 156 N.E. 119, 123, quoting 2 Tiffany, Real Property (2 Ed.Rev.1920), Section 437. Moreover, "a reservation in behalf of the grantor will not be enlarged beyond the fair and natural import of the language used." *Wolf, supra,* 42 Ohio Law Abs. at 451, 30 O.O. at 500.

As we stated, *supra,* the deed in this case both "reserves" and "excepts" the driveway from the land granted to Campbell and her predecessors, thereby creating the ambiguous situation in which the language used, in and of itself, does

not evince the grantor's intent in relation to the property. Therefore, unless this intent can be clearly established by (1) the deed taken as a whole, or (2) the circumstances of the case, we must apply the general rule and construe the conveyance against the grantor. We will consider each of these factors in turn.

In support of his contention that the document taken as a whole clearly established that the grantor of this property intended to retain title to the driveway, Johnson asserts that the grantor expressly referred to a then-existing easement as a "right-of-way" and therefore would have used the "right-of-way" terminology had he intended to retain merely an easement interest in the driveway. We find this argument to be unpersuasive.

Our review of the deed reveals that its references to a "right-of-way" are merely descriptive in nature, explaining where the railroad right-of-ways were located in relation to this conveyance. Nowhere in this deed is a right-of-way conveyed or retained by using this terminology. Furthermore, in other parts of the deed which exclude property from the conveyance, the grantor excluded that property by stating that the area was "save[d] and except[ed]" or "except[ed] therefrom." Moreover, the location of those areas which are expressly excluded are described in much greater detail than the description of the location of the driveway. See *Brada v. Hosmer* (1931), 40 Ohio App. 187, 178 N.E. 221 (finding that a deed description consisting solely of a width and length description of land does not adequately describe the land and therefore merely creates an easement in the land so described).

For these reasons, the trial court would have properly concluded that the deed, even when considered as a whole, does not support Johnson's contention that the driveway was not included in the conveyance.

In support of his contention that the circumstances of the case establish that the grantor did not intend to convey the driveway, Johnson asserts that the driveway "has always been maintained" by Johnson and his predecessors in interest. This argument is not supported by the record.

Indeed, several witnesses testified that Johnson had paved the driveway and that he and his predecessors in interest had mowed the grass on either side. However, Johnson testified that although he was mostly responsible for mowing along the driveway, the previous owners of Campbell's property had also done so. Further testimony from that previous owner substantiated the fact that her family had maintained the road and grassy area.

Moreover, our review of the record indicates other circumstances of this case which militate against a finding that Johnson owns the driveway in fee simple. First, the deeds by which Johnson's property was conveyed to Johnson did not include the driveway in their descriptions of the land conveyed. Rather, the

deeds merely mentioned that the land conveyed "shall have access to an existing gravel drive for the purpose of ingress and egress forever." Second, the driveway is referred to as a "roadway esmt" providing "access to S.R. # 123" in an exhibit attached to the agreed entry which resolved a dispute between Johnson and the previous owners of one of the two parcels which presently comprise Johnson's property.

Thus, the record establishes that both parties and/or their predecessors in interest have maintained the driveway area and that the driveway has, on at least two occasions, be referred to and/or described as an easement in legal documents. This conduct does not support Johnson's claim of ownership or evince any intent of the grantor to exclude the driveway from the land conveyed.

Having determined that neither the deed taken as a whole nor the circumstances of the case establish the grantor's intent as to the driveway, the trial court would have properly relied on general principles to construe the conveyance.

The deed employs the terms "excepted" and "reserved" as if they are synonymous. They are not. Therefore, any ambiguity created must be construed against the grantor, and the trial court properly concluded that the deed in this case conveyed the entire property, including the driveway, to the grantee in fee simple, and reserved an easement in the driveway for the benefit of the grantor.

For these reasons, the trial court properly determined that Campbell owns the driveway in fee simple and that Johnson has merely an easement interest in the driveway.

Accordingly, the first assignment of error is overruled.

"II. The trial court erred to the prejudice of defendant/appellant by ruling on evidence in a contradictory manner."

In this assignment of error, Johnson seems to contend that the trial court erred in (1) permitting Campbell's surveyor to testify as to issues beyond his expertise, and (2) permitting Campbell to present the expert testimony of a surveyor while refusing to allow Johnson to do the same. We will address each of these allegations in turn.

In support of his contention that the trial court erred in permitting the testimony of Campbell's surveyor, Johnson contends that the trial court permitted the surveyor to testify as to the ownership of the driveway, an issue which was beyond his expertise. Specifically, Johnson argues that the trial court impermissibly permitted the surveyor to offer opinions regarding the meaning of "excepting and reserving." This contention is without merit.

■ Our review of the record indicates that it was Johnson, on cross-examination, who elicited the lengthy testimony of the surveyor as to the import of the language employed in the deed. At no point during direct examination did Campbell ask the surveyor to interpret the deed; she merely asked the witness to render an opinion as to the ownership of the driveway based on his survey of the land. Furthermore, in answering Campbell's questions, the surveyor quite clearly stated that he was not qualified to, and could not, determine the ultimate issue in this case, *i.e.,* the actual legal status of the driveway.

Accordingly, we conclude that any error committed as a result of Campbell's surveyor's testimony as to the import of the deed language resulted from Johnson's cross-examination. Based on the doctrine that a party is not permitted to take advantage of those errors which it invites the trial court to make, we overrule this portion of this assignment of error. See *Lester v. Leuck* (1943), 142 Ohio St. 91, 26 O.O. 280, 50 N.E.2d 145; *Frank v. Vulcan Materials Co.* (1988), 55 Ohio App.3d 153, 563 N.E.2d 339; *Hal Artz Lincoln–Mercury v. Ford Motor Co.* (1986), 28 Ohio St.3d 20, 28 OBR 83, 502 N.E.2d 590.

We turn now to Johnson's contention that the trial court erred in permitting Campbell to present the expert testimony of a surveyor while refusing to allow Johnson to do the same.

■ Evidentiary rulings lie within the broad discretion of the trial court. *State v. Lundy* (1987), 41 Ohio App.3d 163, 169, 535 N.E.2d 664, 672; *State v. Graham* (1979), 58 Ohio St.2d 350, 12 O.O.3d 317, 390 N.E.2d 805. Evid.R. 103 controls the effect of an erroneous ruling on the admission or exclusion of evidence and states in pertinent part:

"(A) Effect of Erroneous Ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

"(1) Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

"(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

■ Thus, Evid.R. 103 establishes that an evidentiary ruling by a trial court may not be the basis of a claim of error unless the person claiming that error can establish (1) that a substantial right has been affected, and (2) that

either an objection, in the case of allegedly improperly admitted evidence, or an offer of proof, in the case of allegedly improperly excluded evidence, has been timely made. See *State v. Haynes* (Dec. 31, 1991), Montgomery App. No. 12625, unreported, 1991 WL 285432; *State v. Gilmore* (1986), 28 Ohio St.3d 190, 28 OBR 278, 503 N.E.2d 147. To establish the first requirement of Evid.R. 103, *i.e.,* that a substantial right has been affected, one must show that the error alleged affected the final determination of the case. See *Smith v. Flesher* (1967), 12 Ohio St.2d 107, 41 O.O.2d 412, 233 N.E.2d 137; *Schmelzer v. Farrar* (1974), 40 Ohio App.2d 440, 69 O.O.2d 384, 320 N.E.2d 707. To establish the second requirement of the rule in the case of erroneously admitted evidence, one must show that a timely objection was made, which either specifically stated the grounds for the objection or which was made in circumstances from which the grounds were apparent. To establish the second requirement in the case of erroneously excluded evidence, one must show that the substance of the excluded evidence was made known to the court by proffer or was apparent from the context within which questions were asked. If a party claiming error is unable to establish the first requirement, the error is deemed harmless. If the party is unable to establish the second requirement, the error is deemed waived.

In this case, Johnson properly objected to the admission of Campbell's expert and proffered the testimony of his excluded expert witness. Therefore, Johnson has established the second requirement of Evid.R. 103 and has not waived the errors he now alleges.

██ However, Johnson has failed to establish the first requirement of Evid.R. 103, *i.e.,* that the admission of Campbell's expert witness testimony and/or the exclusion of his witness's testimony affected a substantial right. While Johnson asserts that he was "highly prejudiced" by these evidentiary rulings, he presents no explanation as to how the court's ruling affected the final outcome of the case. The mere fact that the case was decided against him does not establish that the trial court's exclusion of *this* witness's testimony and/or the admission of Campbell's witness's testimony affected the final determination of the case. In fact, our examination of the record indicates that the trial court noted on several occasions that the ultimate issue involved a legal question as to interpretation of the language employed in the deed, and that the trial court requested counsel for both parties to prepare memoranda on this issue. Therefore, even if the trial court should have permitted Johnson's expert to testify or prohibited Campbell's witness from testifying, Johnson was able to obviate the resulting prejudice to his case, if any, in that he included in his memorandum that which his expert would have stated and refuted therein that which Campbell's expert stated. Moreover,

the fact that the trial court requested such memoranda strongly suggests that it did not rely on the information presented by Campbell's surveyor in making its final determination of the case.

For these reasons, we are satisfied that the trial court's exclusion of the testimony of Johnson's expert witness and/or its admission of the testimony of Campbell's expert witness did not affect the final determination of the case. Therefore, any error committed as a result of these evidentiary rulings constituted harmless error.

Accordingly, this portion of the second assignment of error is overruled.

The judgment of the Montgomery County Court of Common Pleas will be affirmed.

*Judgment affirmed.*

BROGAN, J., concurs.

FAIN, J., concurs separately.

FAIN, Judge, concurring separately.

I write separately merely to indicate that although I regard the proper construction of the language in the deeds of Campbell and her predecessors in title as being otherwise close, for me the absence of any grant of fee simple title to the roadway in the deeds of Johnson and his predecessors in title is dispositive. In the latter set of deeds, the interest conveyed in the roadway is an easement at most. Therefore, the conclusion is inescapable that when the parcels were originally severed, the fee simple title to the roadway was intended to remain with Campbell's predecessor in title.