[Cite as *Goble v. CNX Gas Co., L.L.C.*, 2023-Ohio-3603.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

GREGORY A. GOBLE et al.,

Plaintiffs-Appellants,

v.

CNX GAS COMPANY, LLC, et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MO 0014**

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2020-414

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Cody Smith* and *Atty. Sean Jacobs*, Emens, Wolper, Jacobs & Jasin Law Firm Co., LPA, One Easton Oval, Suite 340, Columbus, Ohio 43219 *Atty. Todd M. Kildow*, Emens, Wolper, Jacobs & Jasin Law Firm Co., LPA, 250 West Main Street, Suite A, St. Clairsville, Ohio 43950, for Plaintiffs-Appellants

*Atty. Rodger L. Puz*, Dickie, McCamey & Chilcote, P.C., Two PPG Place - Suite 400, Pittsburgh, Pennsylvania 15222-5402, for Defendant-Appellee CNX Gas Company, LLC

*Atty. Kyle W. Bickford* and *Atty. Erik A. Schramm, Jr.*, Hanlon, McCormick, Schramm, Bickford & Schramm Co., LPA, 46457 National Road West, St. Clairsville, Ohio 43950, for Defendants-Appellees Dillon, et al.

Dated:  September 28, 2023

---

**WAITE, J.**

{¶1}   Appellants Gregory A. and Brenda S. Goble appeal an August 23, 2022 judgment entry of the Monroe County Court of Common Pleas which granted summary judgment in favor of Appellees CNX Gas Company, Vivian L. Dillon, Larry J. Dillon, Trudy Ensinger, Tracy Pyles, and the Estate of Paul E. Bierie and Patricia A. Rude.  Appellants argue the trial court erroneously determined that a one-half interest in oil and gas rights constituted a deed exception rather than a reservation, and claim that words of inheritance were necessary in order to create an inheritable fee simple interest.  For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

{¶2}   This oil and gas action involves a dispute over the ownership of a one-half interest in the oil and gas rights underlying a 115.891 acre tract of land located in Switzerland Township, Monroe County.  There appears to be no dispute that Appellants, the surface owners, own the remaining one-half interest.  This dispute solely involves the remaining one-half interest which was created within an August 17, 1914 deed.

{¶3}   In that deed, C.C. and Belle C. Webb conveyed the property to C.C. and Emma Ross.  Within the deed, the Webbs included the following clause:  "The Grantors

<u>Case No. 22 MO 0014</u>

hereby reserve an equal one half interest in the oil and gas lying in and under the above described premises." (Plaintiffs' Motion for Summary Judgment, Exh. A.)

{¶4} On July 12, 1930, Silas W. Blue conveyed the property to Lot W. Blue within a deed that referenced the Webb clause. It is unclear how Silas obtained the property, as Appellants failed to include all of the deeds in the chain of title.

{¶5} On April 19, 1931, C.C. Webb died. On February 25, 1958, Belle C. Webb died. Although none of the deeds were provided in the record, the property was apparently conveyed multiple times from Belle's death until Appellants obtained the property on June 23, 2005. According to Appellants, the Webb interest does not appear within these deeds.

{¶6} On September 17, 2012, Appellants entered into an oil and gas lease with CNX. At some point in 2017, drilling commenced and the property has produced both oil and gas ever since. In May of 2018, Appellee-heirs recorded two certificates of title that reference the Webb interest. Shortly thereafter, Appellee-CNX entered into ten oil and gas leases with Appellee-heirs that involved the subject property. Appellee-CNX paid one-half of the royalties to Appellee-heirs and the other one-half to Appellants.

{¶7} On October 21, 2020, Appellants filed a complaint for declaratory judgment, quiet title, and breach of contract against Appellees, collectively. The first two claims pertained to the Appellee-heirs and the latter was a claim against Appellee-CNX. Appellee-heirs filed an answer and counterclaim. On December 18, 2020, Appellee-CNX filed a motion to dismiss. On January 4, 2021, the Appellee-heirs filed a motion for judgment on the pleadings.

{¶8}   In April and May of 2022, each party filed competing motions for summary judgment.  On August 23, 2023, the trial court granted Appellees' motions and declared that the heirs owned the one-half interest at issue.  It is from this entry that Appellants timely appeal.

Summary Judgment

{¶9}   An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C).  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party.  *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).  Whether a fact is "material" depends on the substantive law of the claim being litigated.  *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

{¶10}   "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.)  *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996).  If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial.  Id. at

293.  In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor.  *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

{¶11} The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case.  In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party.  *Temple*, 50 Ohio St.2d at 327, 364 N.E.2d 267.

### ASSIGNMENT OF ERROR

The trial court erred in granting summary judgment in favor of Appellee CNX Gas Company, LLC and Appellees Vivian L. Dillon, Larry J. Dillon, Trudy Ensinger, Tracy Pyles, Patricia Bierie, individually and as Administrator of the Estate of Paul E. Bierie, and Patricia A. Rude.

{¶12} Appellants contend that when analyzing a reservation of an interest in a deed executed prior to 1925, it is clear that words of inheritance are required in order to create a fee simple interest rather than a life estate.  Appellants argue that the trial court failed to take the intent of the parties into consideration in this case when it found the interest at issue amounted to an exception.  They argue that use of the word "reserve" in the 1914 deed is highly relevant, particularly as the parties did use words of inheritance within the same deed when describing other interests.  Even if this Court were to

determine that ambiguity exists, Appellants contend that the language in the deed should be construed against the Grantors.

{¶13} Appellees collectively respond that precedent from both this Court and the Ohio Supreme Court has held that where an interest is owned prior to the execution of the deed that created it, then that interest is the subject of an exception and is owned in fee simple. In other words, no words of inheritance are required to create a fee simple interest if that same interest was owned prior to the execution of the deed.

{¶14} "Prior to the enactment of G.C. 8510-1, now R.C. 5301.02, in 1925, if a reservation in a deed was to be anything other than a life estate in the grantor, the deed had to have contained words of inheritance. On the other hand, if the deed contained an exception, it left title to that part of the realty excepted in the grantor and words of inheritance were not required." (Internal citations omitted.) *Headley v. Ackerman*, 7th Dist. Monroe No. 16 MO 0010, 2017-Ohio-8030, ¶ 45, citing *Holdren v. Mann*, 7th Dist. Monroe No. 592, 1985 WL 10385, *1 (Feb. 13, 1985) (overruled on different grounds). Thus, a deed executed prior to 1925 that contains a reservation is usually required to also contain words of inheritance to establish an interest greater than a life estate.

{¶15} We have previously defined the terms "exception" and "reservation" as they relate to this issue:

> A reservation by definition is a "creation of a new right or interest (such as an easement) by and for the grantor, in real property being granted to another." Black's Law Dictionary (8th Ed.2004) 1333. An exception is the "retention of an existing right or interest, by and for the grantor, in real property being granted to another." *Id.* at 604. * * *

"Although the terms 'excepting' and 'reserving' mean different things, the two terms are often employed 'indiscriminately.' *Ricelli v. Atkinson* (1955), 99 Ohio App. 175 [58 O.O. 305, 132 N.E.2d 123]. As a result, the terms employed, in and of themselves, do not definitively establish whether an exception or a reservation has been created. * * * Thus, 'whether the language creates a reservation or an exception depends upon the intention of the parties as evinced by a construction of the whole instrument in light of the circumstances of the case rather than upon the particular words used.' *Id.* at 179 [58 O.O. 305, 132 N.E.2d 123], citing *Gill v. Fletcher* (1906), 74 Ohio St. 295 [78 N.E. 433]; *Akron Cold Spring Co. v. Unknown Heirs of Ely* (1923), 18 Ohio App. 74. 'In case of doubt, it is said, the conveyance is to be construed most strongly as against the grantor, or in favor of the grantee on the theory, it seems, that the words used are to be regarded as the words of the grantor rather than of the grantee. Applying this rule, an exception or reservation in a conveyance is construed in favor of the grantee rather than of the grantor.' *Pure Oil Co. v. Kindall* (1927), 116 Ohio St. 188, 203 [156 N.E. 119], quoting 2 Tiffany, Real Property (2 Ed.Rev.1920), Section 437." *Campbell v. Johnson* (1993), 87 Ohio App.3d 543, 547.

*Am. Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 2007-Ohio-7199, 882 N.E.2d 463, ¶ 74-75 (7th Dist.).

{¶16} As the deed at issue was executed in 1914, we must determine whether words of inheritance were necessary. Again, words of inheritance must be used where a

deed was executed before 1925 and the interest at issue is a reservation rather than an exception.

{¶17} It is important to reiterate that where the grantor owned the interest prior to executing the deed, and merely retained this interest after conveying the bulk of the property, the grantor has excepted that interest and retains fee simple ownership. However, where the grantor creates a new right or interest within the deed, typically in favor of a third party, that interest has been reserved, and words of inheritance must be used in order for this interest to amount to more than a life estate.

{¶18} There is no question in this matter that the Webbs already owned the one-half oil and gas interest at the time the deed was executed, as they owned 100% of the rights to oil and gas in the property prior to the deed's execution. In accordance with the established caselaw, the Webbs thus created an exception, and no words of inheritance were required in order to create a fee simple interest to this one-half interest.

{¶19} Appellant's argument is centered on the fact that in other portions of the deed where they used the word "reserve" the Webbs did use words of inheritance, particularly where they were referring to coal interests. Hence, Appellants contend that failure to use similar words of inheritance regarding only the language discussing the oil and gas interest reflects an intention to actually reserve only a life estate in those rights.

{¶20} In relevant part, the deed provides:

Said Grantors for themselves *and their heirs* reserve all the coal except what is above the Pittsburgh or Wheeling Vein in and underlying said described premises, together with all mineing [sic] rights necessary and

useful in mining and carrying away all of said coal without liability for damages in mineing [sic] and carrying away said coal.

Grantors agree to pay $100.00 per acre for any lands used for openings & etc.

The Grantors hereby reserve an equal one half interest in the oil and gas lying in and under the above described premises and all the Estate, Title and Interest of the said Grantor C.C. Webb and Belle C. Webb his wife, either in Law or in Equity of, in and to the said premises, to-gether with all the privileges and appurtenances to the same belonging, and all the rents, issues, and profits thereof; to have and to hold the same to the only proper use of the said grantees, C.C. Ross and Emma Ross his wife, their heirs and assigns forever, and the said C.C. Webb and Belle C. Webb his wife, for themselves and their heirs, executors and administrator's does hereby covenant with the said grantees * * *  (Emphasis added.)

(Plaintiffs' Motion for Summary Judgment, Exh. A.)

**{¶21}** It is noteworthy that the Ohio Supreme Court has recently addressed this subject without even a mention of the grantor's intent. *See Peppertree Farms, L.L.C. v. Thonen*, 167 Ohio St.3d 61, 2022-Ohio-396, 188 N.E.3d 1069  ("*Peppertree II*").  The Court focused solely on whether the interest discussed was already owned by the grantor or whether the grantor created the interest for the first time within the reservation.  *See Peppertree II* at ¶ 22 ("The oil and gas and his interest in it existed at the time of the transaction, and he owned that interest in fee simple with rights of inheritance.  Therefore,

Case No. 22 MO 0014

because the conveyance did not create a new property right that reverted back from the grantee, words of inheritance were not necessary for Jones to retain more than a life estate in the share of the oil and gas that he owned.")

**{¶22}** Despite this recent precedent, at oral argument Appellants urged this Court to rely on *Gill, supra,* which based its holding on the intent of the parties. However, *Gill* has questionable value at this point, as it was decided nineteen years before enactment of the 1925 statute. We note that *Gill* was not even cited in the most recent *Peppertree* case. *While Gill* was cited in *Peppertree I,* this was because the Court explained that the 1925 statute abrogated the requirement of words of inheritance, which was the focal point of *Gill*. The Court expressly stated that "the distinction between a reservation and an exception no longer carries the same historical importance in Ohio that it did prior to 1925." *Peppertree Farms, L.L.C. v. Thonen*, 167 Ohio St.3d 52, 2022-Ohio-395, 188 N.E.3d 1061 ("*Peppertree I*"). Thus, it appears the Court indirectly determined that *Gill* has been superseded based on the 1925 statute. The Court in both *Peppertree* cases decided the determinative factor is whether the interests reserved were owned at the time the deed was executed.

**{¶23}** Appellants also cite one of our recent cases and contend that it offers support for their interpretation. *4 Quarters, LLC v. Hunter*, 7th Dist. Belmont No. 20 BE 0035, 2021-Ohio-3586. However, in *4 Quarters* we declined to address the instant issue due to the lack of evidence in the record on appeal and because the appellant failed to provide substantive arguments on the issue to the trial court in their Civ.R. 60(B) action. *Id.* at ¶ 37.

**{¶24}** Appellants urge that even though the interests in this case were owned by the grantors at the time of the conveyance, the grantors used words of inheritance when excepting coal interests in the deed but did not use those same words when discussing the oil and gas interests at issue. Appellants argue that their choice of words was intentional and reflects an intent to create only a life estate as to the oil and gas interests but to retain a fee simple interest in the coal.

**{¶25}** While it appears clear that resolution of this issue in no way requires consideration of a grantor's intent, there is nothing in this record to suggest that the grantors intended to reserve only a life estate. We have previously reviewed a deed executed post-1925 where the parties disputed whether the interchangeable use of the terms "reserving" and "excepting" demonstrated an intent to retain a fee simple or life estate in the minerals. This Court held that the interest was an exception, explaining that, regardless of the terms used, the grantors "clearly intended to 'except' part of the land being transferred from the grant by retaining those minerals. The minerals already existed as corporeal parts of the property and were already owned by Ernie and Louise Morris, joint and survivor, at the time they sold the surface." *Crum v. Yoder*, 7th Dist. Monroe No. 20 MO 0005, 2020-Ohio-5046, ¶ 87.

**{¶26}** In this case, regardless of the terms used by the grantors, the inconsistency appears to be nothing more than an oversight. Based on the nature of the right owned prior to the execution of the deed, the language in the deed regarding the right being kept, and its effect on the transfer, the grantors expressed throughout that they were keeping for themselves all the rights to the specific minerals (including oil, gas, and coal) that they enjoyed prior to the transfer of the remainder of the property. Without question, the

grantors enjoyed the right to these minerals in fee simple prior to executing the deed in question. Hence, pursuant to Ohio law, the grantors' language was an expression of their retention of their fee simple interest, whether or not specific words of inheritance appear in the deed. Appellants' sole assignment of error is without merit and is overruled.

## Conclusion

**{¶27}** Appellants argue that the trial court erroneously determined that an interest in oil and gas rights constituted an exception rather than a reservation. For the reasons provided, Appellants' arguments are without merit and the judgment of the trial court is affirmed.

Robb, J. concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, Appellants' assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**